NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN GUITH, | No. 17-17268 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00625-GSA |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted August 19, 2021**

Before: GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

Kevin Guith, proceeding pro se, appeals the district court's judgment

affirming the Commissioner of Social Security's denial of Guith's application for

disability insurance benefits under Title II of the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we affirm.

The Administrative Law Judge ("ALJ") gave clear and convincing reasons, supported by substantial evidence, for giving the opinion of Dr. Portnoff partial weight. *See* 20 C.F.R. § 404.1527(c)(2)-(6) (setting forth factors for weighing a treating physician's opinion when it is not given controlling weight); *Trevizo*, 871 F.3d at 675 ("To reject the uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." (citations and internal quotation marks omitted)). The ALJ accounted for the mild to moderate limitations described by Dr. Portnoff by including in the residual functional capacity that Guith could perform simple repetitive tasks. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). To the extent that the ALJ erred in giving partial weight to Dr. Portnoff's opinion on the ground that it was based on Guith's subjective complaints, any error was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if it is inconsequential to the ultimate nondisability determination).

The ALJ's failure to address the lay witness statement of Guith's father was harmless error because the ALJ gave clear and convincing reasons for rejecting Guith's testimony, and Guith's father's statement was similar to Guith's testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009)

17-17268

(where the ALJ gave clear and convincing reasons for rejecting the claimant's own subjective complaints, and the lay witness's testimony was similar, it follows that the ALJ also gave germane reasons for rejecting the lay witness's testimony); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment" (citation and internal quotation marks omitted)).

Guith waived his remaining issues on appeal by failing to raise them in the district court, where he was represented by counsel. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006) (issues not raised before the district court are waived on appeal).

Guith's fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth motions for an extension of time to file the reply brief (Dkt. No. 33, 36, 37, 38, 39, 40, 41, 42, and 43) are **DENIED**.

**AFFIRMED**.